UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

WILLIAM JOSEPH MADDEN                                                                     PLAINTIFF

v.                                                                         CIVIL ACTION NO. 1:16-CV-P21-GNS

JAILER LARRY PIPER et al.                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is the renewed motion for summary judgment (DN 155) filed by Defendants as to the sole remaining claim in this case, *i.e.*, Plaintiff's claim that he was not allowed outside for recreation for a period of about four months in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Previously, the Court denied Defendants' motion for summary judgment as to this cruel-and-unusual-punishment claim because Plaintiff had demonstrated the need for further discovery. Plaintiff filed a motion for extension of time to file a response (DN 158), which the Court **GRANTS**, and a response (DN 161). Defendants have filed a reply (DN 163), and Plaintiff has filed a sur-reply (DN 165).[1] The matter being ripe, the Court will deny the renewed motion for summary judgment for the following reasons.

**I.**

Plaintiff asserted in his verified complaint that from March 15 to July 21, 2014, during which time he was incarcerated in cell 165, the protective custody cell at the Allen County Detention Center (ACDC), he was not allowed "access to fresh air and sunlight." He alleged that he was housed in a twelve by twenty foot area designed to hold two inmates but was

---

[1] Plaintiff also filed an objection to the renewed summary-judgment motion (DN 159) which erroneously argues that Defendants' motion is a motion to reconsider the Court's prior ruling in violation of Fed. R. Civ. P. 59. This objection has no merit. The Court's Memorandum Opinion and Order denied the claim "*at this time* so that further discovery may be had" (DN 144 (emphasis added)).

overcrowded with as many as six inmates and that the denial of fresh air, sunlight, exercise and recreation was a violation of his right to be free from cruel and unusual punishment.

In the renewed summary-judgment motion, Defendants argue that the record contradicts Plaintiff's allegation that he was denied access to the "bullpen" (*i.e.*, outside recreation) from March 25, 2014, until July 21, 2014. They rely on Defendant Piper's answers to Plaintiff's first set of interrogatories and the affidavits of Defendants Pardue and Pierce for this assertion. They point to Defendant Piper's answer to Plaintiff's interrogatory asking, "From March 15, 2014, when was the first day the inmates in cell #165, William Madden in particular, were allowed time outside in the bullpen of the jail?" Defendant Piper's response was that he "is unaware of the exact date, however, Plaintiff was permitted access to the bullpen daily, weather permitting, at the same time as the inmates housed in cell #165."

The affidavits of Defendants Pardue and Pierce aver that Plaintiff, from March 15, 2014, until his release from ACDC, was offered the opportunity to go outside for recreation nearly every single day. According to those affidavits, if Plaintiff or other cellmates wanted to go to recreation they could use the intercom in their cell to communicate that desire to jail staff. According to Defendants Pardue's and Pierce's affidavits, requests for outside recreation were granted "unless inclement weather or operational needs of the jail prevented access to outdoor recreation on a particular day."

Defendants also offer the affidavit of one of Plaintiff's cellmates, Glenn Dewitt, who avers that he was housed in ACDC cell 165 from June 21, 2014, until September 19, 2015, and that during this time "I and my cellmates in cell 165, including [Plaintiff], were offered the opportunity to go out to recreation nearly every single day." Dewitt also avers that there is an

intercom in cell 165 which inmates can use to communicate with the jailers, including requesting recreation.

Defendants argue that the only evidence that Plaintiff has submitted besides his own conclusory allegations are the jail's activity logs, which Defendants admit "do not contain an entry for every occasion on which Madden and his cellmates in cell 165 were allowed access to recreation." As explanation, they point to the affidavits of Defendants Pardue and Pierce averring with regard to the jail's logs that "[a]s a result of oversight, it is likely that many of the cell 165 inmates' trips to and from outside recreation were not recorded in the jail's activity log." They further argue that Plaintiff has not alleged any physical or psychological injuries from lack of exercise. They also assert that cell 165 was large enough to perform physical exercise and that inmates in that cell were not prohibited from doing so. They further argue that Plaintiff has not alleged that Defendants knew of and disregarded an excessive risk to his health.

Plaintiff's response (DN 161) to the renewed summary-judgment motion argues that, because he has claimed that no inmates in cell 165 were allowed time in the jail's bullpen until July 21, 2014, Defendant Piper's statement that Plaintiff was allowed in the bullpen at the same time as others in cell 165 does not contradict Plaintiff's claim. He attaches a copy of the jail's logs from March 15, 2014, to July 20, 2014. There are no log entries indicating that inmates in cell 165 were let out for recreation.[2] Plaintiff argues that the fact that the jail logs contain absolutely no entries that inmates from cell 165 were let out of the cell from March 15 to July 21, 2014, belies Defendants' claim that failing to log outside recreation on every occasion was simply an "oversight."

Plaintiff attaches an affidavit of former fellow inmate Chris Centers. Centers avers that he was housed in cell 165 six to eight months prior to Plaintiff being incarcerated there and that

---

[2] Those logs do have entries showing that women and men in general population were let outside for recreation.

3

from the time he was booked into cell 165 until July 21, 2014, he "was not given access to the jail's recreation area known as the 'bullpen', which deprived me of opportunities for exercise." He further states that neither Plaintiff nor any other cell 165 inmate were allowed "time outside the cell until approximately the third week o[f] July 2014." According to Centers, cell 165 did not provide adequate space for exercise.

Plaintiff also attaches a diagram of cell 165, in which, according to Plaintiff, as many as six inmates were housed during his incarceration. The diagram does not include the dimensions of the cell. He argues that cell 165 did not have adequate floor space for exercise.

In reply (DN 163), Defendants argue that Plaintiff's response cannot be considered by this Court because it is unverified and unsworn. They also argue that Plaintiff failed to address the fact that he has not alleged any physical or psychological injury.

Shortly thereafter, Plaintiff filed an affidavit in support of his response (DN 164). In that document, Plaintiff swears under penalty of perjury that all the information contained in his response "is true and correct." He also filed another response (DN 165), really a sur-reply, in which he argues that he has submitted evidence in the form of the jail's logs and Centers' affidavit such that a genuine issue of material fact exists. He also argues that the question of physical injury or lack thereof is irrelevant to the summary-judgment analysis because courts have recognized that a deprivation of exercise without penological justification violates the Eighth Amendment because inmates require regular exercise. In support, he cites to *Helling v. McKinney*, 509 U.S. 25 (1993), and *Patterson v. Mintzes*, 717 F.2d 284 (6th Cir. 1983).

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990).

The Eighth Amendment prohibits any punishment which violates the civilized standards of humanity and decency, or involves the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). It entitles prisoners to sufficient exercise to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). Limitations on outdoor exercise may violate the Eighth Amendment in some circumstances, but the Sixth Circuit has not set a minimum amount of outdoor recreation time that is required. *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995). Instead, it has held that

"'a total or near-total deprivation of exercise or recreational opportunity, without penological justification,'" impinges on an inmate's Eighth Amendment right, because "'[i]nmates require regular exercise to maintain reasonably good physical and psychological health.'" *Id.* (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)). The Sixth Circuit held in *Patterson* that a district court must conduct a case-by-case analysis in order to consider an individual prisoner's situation. Some facts to be considered are: "the size of the cell, opportunity for contact with other inmates, time per day expended outside the cell, justifications for denial of the right to exercise, physical or psychological injuries resulting from a lack of exercise or a particularized need for exercise." *Patterson*, 717 F.2d at 289.

Thus, the Court declines to grant summary judgment to Defendants based on their argument that Plaintiff did not allege any injury from the denial of exercise. Under *Patterson*, physical or psychological injury is just one of some facts to be considered. Moreover, the Court notes, that in *Helling*, cited by Plaintiff, the Supreme Court opined: "It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them." *Helling*, 509 U.S. at 33.

The Court must, therefore, turn to the question of whether Plaintiff was indeed deprived of the opportunity for exercise/recreation for four months. In support of their argument that Plaintiff was given opportunities for outside recreation, Defendants offer their responses to interrogatories, the affidavits of Defendants Pardue and Pierce, and the affidavit of inmate Dewitt. Plaintiff offers his verified complaint, his verified response, a copy of the jail's logs, and the affidavit of inmate Centers. A verified complaint "carries the same weight as would an affidavit for the purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

Regarding whether Plaintiff could have exercised in cell 165, Plaintiff's verified complaint alleged that he was housed in a twelve by twenty foot area designed to hold two inmates but was overcrowded with as many as six inmates. Additionally, the affidavit of inmate Centers avers that cell 165 did not provide adequate space for exercise. On the other hand, Defendant Pardue's and Pierce's affidavits aver that "cell 165 was large enough to provide for inmates to perform physical exercises and they were not denied the ability to do so." They do not state what the dimensions of the cell are.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The affidavits of inmate Dewitt and Defendants Pardue and Pierce in support of Defendants and inmate Centers in support of Plaintiff appear to comport with this standard. Thus, the Court is left with competing affidavits about an issue of material fact. The Court cannot choose between competing affidavits at the summary-judgment stage. *See Watson v. Brown*, 446 F. App'x 643, 645 (4th Cir. 2011) (per curiam) ("[The parties'] factual assertions effectively boiled down to a swearing contest backed chiefly by the parties' own affidavits. . . . The district court therefore erred when it made a dispositive credibility determination on the basis of the competing affidavits."). Therefore, summary judgment is not appropriate. *See Santiago v. Lane*, 894 F.2d 218, 224 (7th Cir. 1990) (citing *Davis v. Zahradnick*, 600 F.2d 458 (4th Cir. 1979) (summary judgment is inappropriate when affidavits require credibility determinations); *Jones v. Stine*, 843 F. Supp. 1186, 1192 (W.D. Mich. 1994) ("Indeed, this Court has ruled the constitutionality of prison exercise restrictions is generally best determined following presentation of evidence.") (citing *Pressley v. Brown*, 754 F. Supp. 112, 116 (W.D. Mich. 1990)).

**III.**

**IT IS ORDERED** that Defendants' renewed motion for summary judgment (DN 155) is **DENIED**.

**IT IS FURTHER ORDERED** that because Defendants' summary-judgment motion has been denied, Plaintiff's motion to serve subpoena (DN 146) and motion for extension of time to complete discovery (DN 147) are **DENIED** because the requested relief was not necessary to the determination of the summary-judgment motion.

**IV.**

Plaintiff also has filed a motion for settlement conference (DN 157). Plaintiff argues that he anticipates that his claim related to denial of exercise will be submitted to a jury and that, because he anticipates that multiple other inmates will testify at trial in support of his claim, a settlement conference will be beneficial in expediting a resolution of this case.

**IT IS ORDERED** that Plaintiff's motion for settlement conference (DN 157) is **GRANTED**.

This matter is **referred** to Magistrate Judge H. Brent Brennenstuhl for a settlement conference.

Date: August 18, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
  Counsel of record
  Magistrate Judge Brennenstuhl
4416.009